COLNE v. ATLANTIC AVE. R. CO.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

PRINCIPAL AND AGENT—CONTRACT FOR EMPLOYMENT—EVIDENCE.

The stock of defendant corporation was held by a traction corporation which was in the hands of a reorganization committee, of which S. was chairman. S. was a banker, and, though not an officer of defendant, he was instrumental in dictating its policy and conducting its affairs. Plaintiff had been in the employ of S. at different times, and was instrumental in bringing about a lease of defendant's road to another corporation, which was in the interest of both S. and the traction company. S. directed defendant's counsel to prepare the lease, which was signed by defendant's officers, and a payment on account of plaintiff's services was made by a check drawn in the name of defendant. *Held* that, the payment by check having been explained, the other facts were insufficient to show that S. employed plaintiff on behalf of defendant, so as to create an implied liability against it for his services.

Appeal from trial term, New York county.

Action by Charles Colne against the Atlantic Avenue Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Henry Wollman, for appellant.
James R. Soley, for respondent.

PATTERSON, J. The appeal in this case is from a judgment entered upon the dismissal of the complaint directed at the trial. The plaintiff sued to recover commissions which he claimed to have earned

for services rendered in procuring a lease to be made by the defendant corporation of its franchise and property to the Nassau Railroad Company, but he failed to show any employment by the defendant. It appears in the proofs that the only person with whom the plaintiff had any relations in connection with the lessors was a Mr. Henry Seligman, a banker, in whose employ the plaintiff had been at different times for some years, and who seems to have been an important personage in connection with the defendant corporation and its business. He had been largely instrumental in dictating its policy and in conducting its affairs. The plaintiff has sought to draw the inference, only from Mr. Seligman's preponderating influence in the corporation, that he had authority to contract with the plaintiff to employ him, on behalf of the Atlantic Avenue Railroad Company, to render service, from which an implied promise of the defendant to pay for the value of such service arises. Upon the plaintiff's own showing, there is nothing that connects Mr. Seligman with the Atlantic Avenue Railroad Company in such a way as to justify the conclusion that he did employ the plaintiff on behalf of the defendant corporation. The evidence of the plaintiff's declarations would establish a contrary conclusion, namely, that the plaintiff was employed by Mr. Seligman for himself or on his own behalf. Mr. Johnson, one of the important witnesses for the plaintiff, testified that, when the subject of the sale or lease of the defendant's road was first mentioned, he (that is, Colne) said that he represented the owners of the property, the Seligmans, and wanted him to bring about a trade; Mr. Johnson being one of the persons supposed to be interested in purchasing the road. It is in proof that the Brooklyn Traction Company owned all the stock of the defendant corporation, and that there was a committee of reorganization of the traction company, of which committee Mr. Seligman was the chairman. The sale of the stock and the execution of the lease were in the interest of the traction company or of the Seligmans. It is true that Mr. Seligman directed the defendant's counsel to prepare the lease, and that the instrument was signed by the defendant's officers, and there is evidence that a payment on account was made to the plaintiff for his services by check drawn in the name of the Atlantic Avenue Railroad Company; but how or why that was done was sufficiently explained, and it cannot be regarded even as a circumstance which would fix a liability upon this defendant. Upon a critical review of the whole case, we are satisfied that the plaintiff has sought to hold the wrong party liable as a defendant.

The judgment appealed from must be affirmed, with costs. All concur.